UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Martin Rubio,<br><br>    Petitioner-Appellant,<br>v.<br><br>United States of America,<br><br>    Respondent-Appellee. | Crim. No. 02-202 (2) (RHK/AJB)<br>Civil No. 04-1026 (RHK)<br><br>**ORDER** |

This matter is presently before the Court on Petitioner's "Notice of Appeal." (Docket No. 66.) Petitioner is seeking appellate review of the Court's order of February 17, 2005, (Docket No. 63), which denied his motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Petitioner's Notice of Appeal includes a request for an extension of the deadline for filing an appeal, which the Court will treat as a Motion To Reopen The Time To File An Appeal, brought under Fed. R. App. P. 4(a)(6). In addition, Petitioner will need a Certificate of Appealability, ("COA"), in order to prosecute an appeal in this matter, and the Clerk of Court has therefore properly construed Petitioner's Notice of Appeal to include an Application for a COA. (Docket No. 65.) For the reasons discussed below, the time for filing an appeal will be reopened, but Petitioner will not be granted a COA for his appeal.

    A.  <u>Motion To Reopen The Time To File An Appeal</u>

The order denying Petitioner's § 2255 motion was filed on February 17, 2005. Because a § 2255 motion is considered to be a civil action for purposes of determining the deadline for filing an appeal, (<u>United States v. Robinson</u>, 64 F.3d 403, 405 (8th Cir. 1995)), Petitioner was required to file his Notice of Appeal within 60 days thereafter – i.e., by no later than April 18, 2005. Fed. R. App. P. 4(a)(B).

Petitioner did not actually file his Notice of Appeal until June 6, 2005, which obviously was long after the expiration of the 60-day deadline for bringing an appeal. However, Petitioner contends that he could not have filed his appeal any sooner, because he only recently received the order denying his § 2255 motion. Although Petitioner has not provided the specific date when he received the Court's ruling on his § 2255 motion, the Clerk's records confirm that he was "in transit" between prison facilities when the order was first mailed to him, and that he probably did not receive it until fairly recently.

The Court will assume, for present purposes, that Petitioner filed his Notice of Appeal promptly after he received the order denying his § 2255 motion. While Petitioner cannot be granted an extension of time for appealing pursuant to Fed. R. App. 4(a)(5),[1] the Court will reopen the matter pursuant to Fed. R. App. P. 4(a)(6).

Rule 4(a)(6) allows a district court to "reopen the time to file an appeal" if (a) the motion to reopen is filed within 180 days after the order being appealed was entered, or within 7 days after the appellant received notice of such order, whichever is earlier, (b) the appellant did not receive notice of the order being appealed within 21 days after it was entered, and (c) the Court finds that no party would be prejudiced by reopening the time for appealing. The Court will accept that these conditions are met here, and will, accordingly, consider Petitioner's Notice of Appeal to be timely.[2]

---

[1] An extension under Rule 4(a)(5) cannot be granted unless a request for such extension is filed within 30 days after the deadline for filing a notice of appeal. In this case, Petitioner did not file anything until more than 30 days after the deadline for appealing expired, so he is ineligible for relief under Rule 4(a)(5).

[2] The Court specifically finds that reopening the time to appeal will not prejudice the Government, because Petitioner is not being granted a COA, (for the reasons discussed below). Without a COA, Petitioner's appeal cannot go forward, even though it is being treated as timely.

B. <u>Certificate of Appealability</u>

A federal prisoner is not permitted to appeal a final order denying a motion brought under 28 U.S.C. § 2255 without first obtaining a COA. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a <u>substantial showing</u> of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); <u>see also</u>, <u>Tiedeman v. Benson</u>, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. <u>Kramer v. Kemna</u>, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." <u>Flieger v. Delo</u>, 16 F.3d 878, 882-83 (8th Cir.), <u>cert</u>. <u>denied</u>, 513 U.S. 946 (1994), citing <u>Lozado v. Deeds</u>, 498 U.S. 430, 432 (1991) (<u>per curiam</u>); <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>cert</u>. <u>denied</u>, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." <u>Kruger v. Erickson</u>, 77 F.3d 1071, 1073 (8th Cir. 1996) (<u>per curiam</u>). <u>See also</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893, n. 4 (1983).

In this case, Petitioner is seeking to raise two claims on appeal: (1) that the attorney who represented him at the evidentiary hearing on his § 2255 motion did not adequately prepare for that hearing,

because he never visited Petitioner in jail before the hearing, and (2) the same attorney failed to subpoena certain unidentified members of Petitioner's family, who purportedly would have offered testimony favorable to Petitioner at the evidentiary hearing on his § 2255 motion. (Application For COA; [Docket No. 65].) Petitioner obviously wants to argue on appeal that he received ineffective assistance of counsel during the course of his § 2255 motion.[3]

Petitioner is not entitled to a COA for his new ineffective assistance of counsel arguments for two reasons. First, he has not presented those arguments at the District Court level, and the Court of Appeals normally will not consider an issue that is being raised for the first time on appeal. See United States v. Codjo, 195 F.3d 420, 423 (8th Cir. 1999) ("[w]e ordinarily will not consider an ineffective assistance claim unless it has been presented to the district court first, so that a proper factual record can be made"). Secondly, and more importantly, Petitioner cannot make "a substantial showing of the denial of a constitutional right" based on his new ineffective assistance of counsel arguments, because he had no constitutional right to counsel during his § 2255 proceedings. Abdullah v. Hedrick, 392 F.3d 957, 964 (8th Cir. 2004) ("[t]here is no Sixth Amendment right to constitutionally effective counsel in § 2255 proceedings"), pet. for cert. filed, May 23, 2005, (No. 04-10322). For these two reasons, the Court concludes that the arguments Petitioner seeks to raise on appeal do not warrant the issuance of a COA.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

---

[3] In his Notice of Appeal, (Docket No. 66), Petitioner states: "I could not believe you would take me back to court from California to let an attorney commit more ineffective assistance of counsel in front of you."

1.  The time for filing an appeal from the order denying Petitioner's motion for relief under 28 U.S.C. § 2255 is reopened pursuant to Fed. R. App. P. 4(a)(6), and Petitioner's Notice of Appeal, (Docket No. 66), is deemed to be timely filed; and

2.  Petitioner will not be granted a Certificate of Appealability in this matter, and his Application for Certificate of Appealability, (Docket No. 65), is DENIED.

Dated: June  22 , 2005

s/Richard H. Kyle
RICHARD H. KYLE
United States District Court Judge
